[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10846
Non-Argument Calendar

_____

D. C. Docket No. 07-00071-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTEO DEGENNARO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 30, 2009)**

Before ANDERSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Matteo DeGennaro appeals his convictions for possessing materials

depicting minors engaged in sexually explicit activity, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and distributing materials depicting minors engaged in sexually explicit activity, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). DeGennaro contends the district court erred in denying his motion for judgment of acquittal because the government failed to prove that he downloaded and shared child pornography. After a thorough review of the record, we affirm.

## I. Background

The evidence presented at trial demonstrated the following: A police officer patrolling a "peer-to-peer file-sharing network" downloaded at least six files containing child pornography from an internet protocol address ("IP address") traced to an account owned by DeGennaro. Officers obtained a search warrant for DeGennaro's house to which the bills for the account were sent. When officers arrived at the house at approximately 7:30 a.m. on March 30, 2007 to execute the warrant, they found DeGennaro, his then-girlfriend Stacey DeGennaro ("Stacey"), and their baby at the home. An officer overheard DeGennaro say that Stacey was inside sleeping. Stacey later told the officer that DeGennaro lived at the house alone, but that she had spent the previous night, March 29, there. DeGennaro admitted that he had used the file-sharing network to download music and adult pornography, but stated that he always deleted child pornography when he saw it.

2

During the search, officers seized, among other evidence, two computers containing a file-sharing network that had been downloaded onto each computer, with several files of child pornography that had been downloaded and saved. The last of the files selected from the file-sharing network had been downloaded at 2:06 a.m. on March 30 - about five hours before the search warrant was executed.

In his opening statement, DeGennaro had argued that, although he owned the house, he lived with Stacey and their baby at her house. He claimed his brother, Luciano DeGennaro ("Luciano"), occupied the bedroom in the house where the computer was found and was "the one responsible for the child pornography." At the close of the government's case-in-chief, DeGennaro moved for judgment of acquittal, asserting that the government failed to prove he was responsible for downloading the images. The court denied the motion.

Stacey testified that she, DeGennaro, and their baby had spent the night of March 29 at her house and had stopped by DeGennaro's house the morning of March 30 to pick up some materials for a construction project at her house. She asserted that DeGennaro lived with her in her home and Luciano lived at the home police searched. She also denied telling officers that she and DeGennaro had stayed at the house the night of March 29. DeGennaro testified in his own defense. He admitted that he paid all the bills for the home except the electricity bill. He

3

claimed that Luciano lived in the home and often used the computer. DeGennaro presented two other witnesses: a friend who stated she visited DeGennaro and Stacey at Stacey's house on March 29, and another friend who used to visit Luciano at the house and saw Luciano download pornography.

DeGennaro did not renew his motion for judgment of acquittal either at the close of the defense's case or after the government's rebuttal. The jury convicted DeGennaro on both counts, and the court sentenced DeGennaro to 120 months' imprisonment.

II. Discussion

Under § 2252(a)(4)(B), it is unlawful to, inter alia, (1) knowingly possess, or access with intent to view, by any means, including computer; (2) material that contains a visual depiction that has traveled by any means in or affecting interstate commerce; (3) if the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.[1] Under § 2252(a)(2), it is unlawful to, inter alia, (1) knowingly distribute; (2) a visual depiction that has traveled by any means in or affecting interstate commerce; (3) if the producing of such visual depiction involves the use of a minor

_____

[1] DeGennaro stipulated that the materials in question constituted child pornography or depicted real children engaged in sexually explicit conduct, and that the images had traveled in interstate commerce.

engaging in sexually explicit conduct and such visual depiction is of such conduct.

Pursuant to Fed.R.Crim.P. 29(a), a defendant may move the district court for a judgment of acquittal at the close of the government's evidence or at the close of all of the evidence. If the defendant moves for a judgment of acquittal at the close of the government's case-in-chief, the motion is denied, and the defendant thereafter presents evidence, his presentation of evidence generally "operates as a waiver of his objection to the denial of his motion for acquittal." United States v. Jones, 32 F.3d 1512, 1516 (11th Cir. 1994). In that case, to preserve his objection, the defendant must renew his motion at the close of all of the evidence. See id.

Because DeGennaro presented evidence after the district court denied his motion for acquittal and did not renew the motion at the close of all of the evidence, DeGennaro failed to preserve his motion for judgment of acquittal. Accordingly, we review all of the evidence presented at trial and will affirm absent a manifest miscarriage of justice. Jones, 32 F.3d at 1516. Reversing for manifest injustice requires finding that "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." United States v. Tapia, 761 F.2d 1488, 1492 (11th Cir. 1985). In our review, we must accept all credibility determinations made by the jury. United States v. Garcia, 447 F.3d 1327, 1334 (11th Cir. 2006).

5

Here, we conclude that the district court properly denied the motion for judgment of acquittal. The government established more than a "tenuous" connection between DeGennaro and the downloaded images, such that the jury's conviction of DeGennaro on this evidence is not "shocking." See Tapia, 761 F.2d at 1492. DeGennaro stipulated that the materials in question constituted child pornography and had traveled in interstate commerce. And the evidence demonstrated his knowledge of the materials. DeGennaro admitted downloading images, although he explained that he would delete any child pornography.

Moreover, the evidence demonstrated that DeGennaro and Stacey, rather than Luciano, were at the house in the early morning of March 30 mere hours after child pornography was downloaded onto one of the computers. And, on March 30 at 7:30 a.m., an officer overheard DeGennaro indicate that Stacey was inside asleep. Stacey told the officer that DeGennaro lived at the house and that she had spent the night at the house on March 29. In light of this evidence, the jury's verdict is not shocking. See Tapia, 761 F.2d at 1492.

Although at trial, DeGennaro and Stacey both testified that they had not spent the night of March 29 at the house, the jury was free to disbelieve this testimony, and we see no reason to disturb the jury's credibility findings. See Garcia, 447 F.3d at 1334. Importantly, by testifying, DeGennaro ran the risk that

6

the jury would believe the opposite of his testimony. United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995) ("[A] defendant whose motion for acquittal at the close of the Government's case is denied must decide whether to stand on his motion or put on a defense, with the risk that in so doing he will bolster the Government case enough for it to support a verdict of guilty.") (citation omitted).

III. Conclusion

Because DeGennaro failed to renew his motion for judgment of acquittal at the close of all the evidence, and the evidence linking DeGennaro to the child pornography was not tenuous, and because the jury rejected DeGennaro's and Stacey's testimony, we affirm DeGennaro's convictions.

**AFFIRMED.**